IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| SOPHEARY SANH,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>OPPORTUNITY FINANCIAL, LLC; APPLIED DATA FINANCE, LLC d/b/a PERSONIFY FINANCIAL; and RISE CREDIT SERVICE OF TEXAS, LLC d/b/a RISE,<br><br>　　　　　Defendants. | NO.<br><br>CLASS ACTION COMPLAINT |

## I.　INTRODUCTION

Plaintiff Sopheary Sanh alleges on behalf of the putative class and upon information and belief as set forth herein.

Defendants Opportunity Financial, Personify Financial, and RISE engage in predatory lending practices that target financially vulnerable consumers. They are in the business of lead generation and baiting consumers like Ms. Sanh to enter into loans with outrageous and usurious interest rates. The interest on these loans ranges between 96% and 159% of the principal loan amount. But after trapping a consumer, the Defendants pass these loans off to banks and other institutions in states with little to no usury protections. They do this in an attempt to avoid Washington's strong usury protections while exploiting Washington resident. Ms. Sanh alleges that Defendants

CLASS ACTION COMPLAINT - 1

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

have engaged in the unfair and deceptive practice of soliciting vulnerable consumers for loan products with outrageous interest rates and attempting to avoid Washington's usury statute.

## II. PARTIES

1. Plaintiff Sopheary Sanh is a resident of King County, Washington.

2. Defendant Opportunity Financial, LLC, is a foreign limited liability company doing business in King County and throughout the state of Washington.

3. Defendant Applied Data Finance, LLC, does business in Washington as Personify Financial ("Personify").  Personify is a foreign limited liability company doing business in King County and throughout the state of Washington.

4. Defendant RISE Credit Service of Texas, LLC, does business in Washington as RISE.  RISE is a foreign limited liability company doing business in King County and throughout the state of Washington.

## III. JURISDICTION AND VENUE

5. Venue is proper pursuant to RCW 4.12.025 (1) and (3) because the Defendants transact business in King County, the Defendants solicited business from King County residents, King County residents entered into an agreement in King County, and the tort at issue was committed in King County.

6. This Court has jurisdiction pursuant to RCW 4.12.020(3) because the cause of action arose in King County and pursuant to RCW 19.86.090, which allows Washington residents to bring private right of action Consumer Protection Act claims in the superior courts of this state to enjoin unfair or deceptive business practices that affect the public interest and cause injury.

## IV.    FACTUAL ALLEGATIONS

**A.    Plaintiff's Individual Factual Allegations**

7.    Plaintiff Sopheary Sanh is a recent college graduate with substantial federal student loans and medical debt.

8.    In 2015, Ms. Sanh divorced her husband leaving her financially unable to pay her bills.

9.    Unable to pay her debts, Ms. Sanh filed for Chapter 7 bankruptcy to discharge certain debts after her divorce and graduation from school.

10.    As a result of filing for bankruptcy, Ms. Sanh was ineligible to file for Chapter 7 bankruptcy again for eight years.

11.    In March and April of 2019, she received solicitations from the Defendants at her home in Seattle.

12.    The solicitations included bold language stating that Ms. Sanh was "pre-approved" or "pre-qualified" for a loan.

13.    For instance, one solicitation stated that since she was "pre-approved," "relief is right around the corner." The solicitation stated that the loan "is a better way to borrow, with cash in your account as soon as tomorrow."

14.    Another solicitation stated that since Ms. Sanh was "pre-qualified" she could "request your money today – and receive your money within 48 hours." The solicitation further stated, "you can get your money without a trip to the bank. It's how lending should be."

15.    However, none of the solicitations identified the outrageous interest rates that would be assessed to the principal loan amount.

16. In fact, in one case where the concept of interest was even acknowledged, the solicitation touted the benefits of a decreasing interest rate over time.

17. But none of the solicitations disclosed interest rates between 96.98% and 159.15%.

18. The solicitors, however, knew that the loans they were soliciting would be tethered to interest rates as high as 96.98% and 159.15%.

19. The solicitors intentionally withheld information relating to the outrageous interest rates that would accompany these loans.

20. Ms. Sanh was solicited by Personify to enter into a loan agreement with First Electronic Bank.

21. As a result of Personify's solicitation, Ms. Sanh entered into a loan agreement with First Electronic Bank for $3,800.

22. The loan amount of $3,800 earned interest at 96.98 percent.

23. Over the course of 72 payments, the loan of $3,800 will cost Ms. Sanh $11,687.64.

24. Personify was compensated by First Electronic Bank for soliciting consumers to enter into usurious loans.

25. Ms. Sanh was solicited by Opportunity Financial, LLC, to enter into a loan agreement with FinWise Bank.

26. As a result of Opportunity's solicitation, Ms. Sanh entered into a loan agreement with FinWise Bank for $3,000.

27. The loan amount of $3,000 earned interest at 159.15 percent.

28. Over the course of 19 payments, the loan of $3,000 will cost Ms. Sanh $5,239.16.

29. Opportunity was compensated by FinWise Bank for soliciting consumers to enter into usurious loans.

30. Ms. Sanh was solicited by RISE to enter into a loan agreement with FinWise Bank.

31. As a result of RISE's solicitation, Ms. Sanh entered into another loan agreement with FinWise Bank for $3,000.

32. The loan amount of $3,000 earned interest at 149.09%.

33. Over the course of 48 payments, the loan of $3,000 will cost her $9,666.08.

34. RISE was compensated by FinWise Bank for soliciting consumers to enter into usurious loans.

35. By information and belief, Defendants received additional compensation when Washington consumers entered into a loan agreement with an affiliated bank or partner financial institution.

36. In total, Ms. Sanh was loaned $9,800 at a cost of $26,592.88.

37. These loans were made without regard for whether they were affordable or whether they could be repaid.

38. Under RCW 19.52.005, it is a duty of the state to protect citizens from "debts bearing burdensome interest rates" and from "oppression generally."

39. Under RCW 19.52.020, rates of interest cannot exceed the higher of either (a) twelve percent per annum or (b) four percentage points above the equivalent coupon issue yield of the average bill rate for twenty-six week treasury bills.

40. During the time in question, the coupon issue yield of the average bill rate for twenty-six week treasury bills plus four percentage points was lower than twelve percent per annum.

41. After entering into loan agreements with First Electronic Bank and FinWise, Ms. Sanh received the loan proceeds and began making payments on them.

**B.    CIVIL RULE 23 ALLEGATIONS**

42. Plaintiff brings this action on her own behalf and as a class action, pursuant to CR 23(a) and 23(b) on behalf of the following class:

> All consumers in the State of Washington who were solicited by Defendant Opportunity Financial, Defendant Personify, or Defendant RISE, through U.S. mail sent to the consumer's address to apply for a 'pre-approved' or 'pre-qualified' consumer loan without clearly disclosing the high costs of such loans, including the potential interest rate that could exceed between 96 percent and 159 percent per annum.

43. The proposed class is so numerous that joinder of all members is impracticable. Although the precise number of class members is known only to Defendants, upon information and belief, there are many consumers that have been targeted and solicited for consumer loans with usurious and outrageous interest rates.

44. There are questions of law and fact common to the proposed class.

45. The principal question as to the class is whether Defendants solicited Washington consumers through U.S. mail to apply for a pre-approved or pre-qualified consumer loan without disclosing the high cost of such loans, including the potential interest rate that could exceed between 96 percent and 159 percent per annum.

46. Another common issue is whether the Defendants, through their solicitation, violated the CPA through their unfair and deceptive practice of steering consumers to usurious and outrageous consumer loans.

47. Plaintiff's claims are typical of the claims of the proposed class, as they all arise from the same operative facts and are based on the same legal theories.

48. Plaintiff will fairly and adequately protect the interests of the proposed class. Plaintiff is committed to vigorously litigating this matter and has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor her counsel has any interests which might conflict with the interests of the proposed class.

49. This action may be certified under CR 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the proposed class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole. Plaintiff's claim for monetary relief is incidental to the injunctive and declaratory relief that she seeks. The damages flow directly from liability to the class as a whole on the claims forming the basis of the injunctive and declaratory relief. Moreover, computing the monetary relief is simple and relies entirely on objective facts, without the need for subjective assessments of each class member's circumstances. There is no threat of a due process violation because all damages can be objectively determined. Plaintiff's request for declaratory and injunctive relief is more than a basis for monetary relief. The relatively modest monetary relief sought by Plaintiff does not dominate her claim for declaratory and injunctive relief.

50. In the alternative, or in addition to certifying under CR 23(b)(2), this action may be certified as a CR 23(b)(3) class action. Certification under CR 23(b)(3) is warranted because questions of law or fact common to the class predominate over any questions affecting only individual members.

51. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy, in that:

   a. Members of the proposed damages class do not have an overriding interest in individually controlling the prosecution of separate actions;

   b. No other litigation concerning this controversy has been commenced by or against members of the damages class;

   c. Concentration of litigation is desirable so that all claims can be resolved in one forum; and

   d. Management of this case as a damages class action will present significantly fewer difficulties than would be presented in many individual claims challenging Defendants' unfair and deceptive practice of soliciting consumers to enter into loans with outrageous and usurious interest rates.

## V.   CLASS CLAIMS AND CAUSES OF ACTION

**A. Defendants Violated the Consumer Protection Act for Committing Unfair and Deceptive Acts in Trade or Commerce (Non *Per Se* CPA Claim)**

52. Plaintiff re-alleges each and every allegation as set forth above.

53. Defendants solicited Washington consumers to apply for pre-approved or pre-qualified loans without disclosing the high costs of such loans, including the potential interest rate that could exceed between 96 percent and 159 percent per annum.

54. Defendants have or had a pattern or practice of soliciting Washington consumers to apply for pre-approved or pre-qualified loans that were usurious and subject to outrageous interest rates.

55. Defendants' practices constitute non per se unfair and deceptive practices occurring in trade or commerce in violation of the Consumer Protection Act, Chapter 19.86 RCW.

56. Defendants' practices adversely impact the public interest and caused injury and have the capacity to injure other persons.

57. As a direct and proximate cause of Defendants' practices, Plaintiff and the members of the class she seeks to represent have suffered injury and damages in an amount to be proven at the time of trial.

### B. Defendants Violated the Consumer Protection Act for Transacting Usurious Contracts (*Per Se* CPA Claim)

58. Plaintiff re-alleges each and every allegation as set forth above.

59. The CPA prohibits "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."

60. Under RCW 19.52.020, rates of interest cannot exceed the higher of either (a) twelve percent per annum or (b) four percentage points above the equivalent coupon issue yield of the average bill rate for twenty-six week treasury bills.

61. Under RCW 19.52.030 contracts shall be usurious if they contain an interest rate that is greater than the rate permitted under RCW 19.52.020.

62. Washington's legislature has declared that "entering into or *transacting* a usurious contract" is an unfair act or practice in the conduct of commerce for the purpose of the application of the [C]onsumer [P]rotection [A]ct." RCW 19.52.036 (emphasis added).

63. In the four years preceding the filing of this complaint, the coupon issue yield of the average bill rate for twenty-six week treasury bills plus four percentage points was lower than twelve percent per annum.

64. Defendants have a practice or patter of transacting usurious contracts by soliciting Washington consumers to apply for pre-approved or pre-qualified loans in excess of 12 percent per annum, brokering the contracts and supporting and facilitating consumers entering into usurious contracts.

65. Defendants' practices constitute per se unfair and deceptive practices occurring in trade or commerce in violation of the Consumer Protection Act, Chapter 19.86 RCW.

66. Defendants' practices adversely impact the public interest and caused injury and have the capacity to injure other persons.

67. As a direct and proximate cause of Defendants' practices, Plaintiff and the members of the class she seeks to represent have suffered injury and damages in an amount to be proven at the time of trial.

**C. Unjust Enrichment**

68. Plaintiff re-alleges each and every allegation as set forth above.

69. An unjust enrichment claim allows aggrieved parties to recover the value of benefits that are wrongly retained by another party where fairness and justice require it.

70. An unjust enrichment claim requires a plaintiff to establish the following elements: (1) that the plaintiff conferred a benefit on the defendant; (2) the defendant knew or appreciated the benefit; (3) that the defendant's acceptance or retention of the

benefit without payment of the benefit's value would be inequitable under the circumstances.

71. Washington consumers conferred a benefit on Defendants by accepting their solicitation to enter into usurious loan agreements that were subject to outrageous interest rates.

72. Defendants knew and appreciated that Washington consumers were induced to enter into usurious loan agreements that were subject outrageous interest rates.

73. Defendants were compensated for their practice of soliciting consumers to enter into usurious loan agreements that were subject to outrageous interest rates.

74. Defendants were additionally compensated when a consumer entered into a usurious loan agreement subject to an outrageous interest rate.

75. Defendants' acceptance and retention of compensation for soliciting consumers to enter into usurious loan agreements that were subject to outrageous interest rates without paying the value of such benefit is inequitable under the circumstances.

76. Washington consumers are entitled to a relief and remedy for Defendants' conduct, including compensatory damages and/or disgorgement.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sopheary Sanh respectfully requests that the Court enter judgment as follows:

(a) Certification of the class as proposed, under CR 23, appointing Plaintiff and her counsel to represent the class;

(b) An injunction under Chapter 19.86 RCW enjoining Defendants from soliciting consumers to apply for loans with usurious and outrageous interest rates without disclosure;

(c) Judgment against Defendants for actual damages pursuant to RCW 19.86.090;

(d) Treble damages pursuant to RCW 19.86.090;

(e) Out-of-pocket and investigative expenses;

(f) An award of costs and reasonable attorneys' fees based on all applicable statutes and other grounds, including RCW 19.86.090;

(g) Pre-judgment interest on all amounts awarded as allowed by law

(h) Post-judgment interest;

(i) A supplemental award to cover any adverse tax consequences of the judgment; and

(j) Awarding Plaintiff such further equitable, legal or additional relief as may be appropriate and just.

Dated: January 27, 2020

BRESKIN JOHNSON & TOWNSEND, PLLC

By: s/ *Brendan W. Donckers*
Brendan W. Donckers, WSBA #39406
Roger M. Townsend, WSBA #25525
1000 Second Avenue, Suite 3670
Seattle, WA 98104
(206) 652-8660
bdonckers@bjtlegal.com
rtownsend@bjtlegal.com

LEONARD LAW

By: s/ *Sam Leonard*
Sam Leonard, WSBA #46498
1001 4th Avenue, Suite 3200
Seattle, WA 98154

(206) 486-1176
sam@seattledebtdefense.com