1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SOPHEARY SANH,

                    Plaintiff,

        v.

OPPORTUNITY FINANCIAL, LLC, *et al.*,

                    Defendants.

NO. C20-0310RSL

ORDER GRANTING RISE CREDIT
SERVICE OF TEXAS' MOTION TO
DISMISS

        This matter comes before the Court on defendant RISE Credit Service of Texas, LLC's

"Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6)." Dkt. # 31. Plaintiff

alleges, on behalf of herself and all others similarly situated, that RISE solicits vulnerable

consumers within the State of Washington for loan products but does not disclose in their

solicitations that the loans have outrageous interest rates far in excess of that which is permitted

under Washington's usury statute. Plaintiff alleges that she received solicitations from

defendants, three non-bank entities, in March and April 2019 notifying her that she was pre-

approved for a loan with an interest rate that would decrease over time and which was a "better

way to borrow." Dkt. # 1-1 at ¶¶ 13 and 16. As a result of RISE's communications, plaintiff

entered into a $3,000 loan agreement with FinWise Bank, for which RISE was compensated by

FinWise. Dkt. # 1-1 at ¶¶ 31, 32, and 34. Plaintiff asserts state law claims under the Washington

ORDER GRANTING RISE CREDIT SERVICE
OF TEXAS' MOTION TO DISMISS - 1

Consumer Protection Act ("CPA") and for unjust enrichment. RISE seeks dismissal of all of plaintiff's claims on the grounds that RISE is not subject to the jurisdiction of this Court and that the claims are preempted and/or do not state a claim for which relief can be granted.

In the context of a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), plaintiff has the burden of demonstrating that the Court may exercise personal jurisdiction over RISE. *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 741 (9th Cir. 2013). In evaluating RISE's jurisdictional contacts, the Court accepts uncontroverted allegations in the complaint as true. *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007). Because the motion is based on written materials rather than an evidentiary hearing, the Court evaluates the uncontroverted allegations and the evidence submitted to determine whether plaintiff has made a prima facie showing of jurisdictional facts. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Conflicts in the evidence provided by the parties must be resolved in plaintiff's favor. *Id.*

In the context of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court's review is generally limited to the contents of the complaint. *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996). The question for the Court is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

> A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Plausibility requires pleading facts, as opposed to conclusory allegations or the formulaic recitation of elements of a cause of action, and must rise above the mere conceivability or possibility of unlawful conduct that entitles the pleader to relief. Factual allegations must be enough to raise a right to relief above the speculative level. Where a complaint pleads facts that are merely

consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. Nor is it enough that the complaint is factually neutral; rather, it must be factually suggestive.

*Somers v. Apple, Inc.*, 729 F.3d 953, 959-60 (9th Cir. 2013) (internal quotation marks and citations omitted). All well-pleaded factual allegations are presumed to be true, with all reasonable inferences drawn in favor of the non-moving party. *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144-45 (9th Cir. 2013). If the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

Having considered the Complaint and the memoranda, declarations, and exhibits submitted by the parties, and having heard the arguments of counsel, the Court finds as follows:

**A. Personal Jurisdiction**

Plaintiff alleges that defendant RISE sent solicitations to her home in Washington inviting her to request "pre-approved" loans, that she responded to the solicitations, and that she was injured as a result. RISE has not provided evidence that contradicts these allegations. The only evidence submitted with the motion is a one-page data sheet regarding FinWise Bank (Dkt. # 31-1) and a "Joint Marketing Agreement" between FinWise and EF Marketing, LLC (Dkt. # 31-2). The fact that FinWise is a bank headquartered in Utah that contracted with EF Marketing to coordinate its nationwide marketing efforts is not inconsistent with plaintiff's allegations, and RISE has not offered a declaration or other evidence tending to show that the named defendant did not solicit Washington residents. The allegations of the complaint are therefore uncontroverted and accepted as true.

ORDER GRANTING RISE CREDIT SERVICE
OF TEXAS' MOTION TO DISMISS - 3

1

**B. Federal Preemption**

2

Plaintiff asserts two claims under the CPA and a separate claim for unjust enrichment.

3

Plaintiff's first CPA claim is based on allegations that RISE engaged in unfair and deceptive

4

practices when it targeted vulnerable Washington consumers with solicitations for pre-approved

5

loans that failed to disclose the outrageous and usurious costs associated with the loans. Plaintiff

6

7

also asserts a *per se* CPA claim arising out of RISE's alleged violation of Washington's usury

8

statute, RCW 19.52.020. Plaintiff's unjust enrichment claim is based on supposed benefits RISE

9

received when it was able to convince Washington consumers, like plaintiff, to enter into a loan

10

agreement. RISE argues that all three claims are preempted by the Depository Institutions

11

Deregulation and Monetary Control Act of 1980 ("DIDA"), 12 U.S.C. § 1831d, which allows

12

13

federally-insured, state-chartered banks like FinWise to export the interest rate allowed by their

14

home state to the national market. DIDA expressly preempts "any State constitution or statute"

15

which would require a lower interest rate, such as Washington's usury law. 12 U.S.C.

16

§ 1831d(a).

17

Plaintiff's *per se* CPA claim undoubtedly relies on the preempted state usury law.

18

19

Plaintiff argues, however, that RISE is not a bank entity and therefore not entitled to claim

20

DIDA preemption. The preemptive effect of 12 U.S.C. § 1831d, like its precursor in the National

21

Bank Act of 1864 ("NBA"), extends not only to the bank that issues the loan or extends the line

22

of credit, but also to the affiliates, assignees, servicers, and secondary markets that carry the

23

obligation to term on behalf of or in place of the original lender. *See Krispin v. May Dep't Stores*

24

*Co.*, 218 F.3d 919, 924 (8th Cir. 2000) (NBA preemption applies if the originating entity is a

25

26

bank, even if subsequent assignees are non-bank entities); *FDIC v. Lattimore Land Corp.*, 656

27

F.2d 139, 147-49 (5th Cir. 1981) (when determining whether the NBA governs a loan assigned

28

ORDER GRANTING RISE CREDIT SERVICE
OF TEXAS' MOTION TO DISMISS - 4

1    by an originating bank to an entity in another state, "[t]he non-usurious character of a note

2    should not change when the note changes hands"); *Barnett v. T.D. Escrow Servs., Inc*., 2005 WL

3    1838623, at *1 (W.D. Wash. Aug. 1, 2005) (finding that usury claims against loan servicing

4    agents are preempted by DIDA). *See also* Dkt. # 41 at 3-4 (FDIC Final Rule re: Federal Interest

5    Rate Authority, dated June 5, 2020, clarifying that banks can transfer enforceable rights in loans

6    they make under the preemptive authority of the NBA and noting that DIDA is patterned after

7    and interpreted in the same way as the NBA). Thus, Washington's usury statute, which does not

8    apply to a high interest rate loan made by a federally-insured, state-chartered bank like FinWise,

9    does not spring back into force if the loan is serviced by or conveyed to a non-bank entity like

10   RISE.

11          Plaintiff argues, however, that FinWise was not the true lender in the circumstances

12   presented here and that RISE is the real-party-in-interest. In this narrative, RISE simply co-opted

13   or rented FinWise's name so that it could affix it to the loan documents, acquire DIDA

14   preemption, and evade Washington's efforts to regulate the interest rates charged its citizens.

15   Where a non-bank entity has extended a loan, there is no state-chartered bank, there is no issue

16   of federal insurance, and state regulation of such loans would not adversely impact a banking

17   entity's ability to lend: DIDA preemption would therefore not apply. 12 U.S.C. § 1831d(a)

18   (preventing discrimination against state-chartered insured depository institutions); *Ubaldi v.*

19   *SLM Corp*., 852 F. Supp.2d 1190, 1203 (N.D. Cal. 2012) (declining to dismiss usury claim

20   where plaintiff alleged that the national bank named in the loan documents was not the actual

21   lender). *See also* Dkt. # 41 at 5 (FDIC Final Rule re: Federal Interest Rate Authority, dated June

22   5, 2020, recognizing the "real party in interest" argument and noting that "the FDIC continues to

23   support the position that it will view unfavorably entities that partner with a State bank with the

ORDER GRANTING RISE CREDIT SERVICE
OF TEXAS' MOTION TO DISMISS - 5

sole goal of evading a lower interest rate established under the law of the entity's licensing State(s)"). The problem is not with plaintiff's "true lender" or "real party in interest" theory of liability, but with the allegations of the complaint. At no point does plaintiff allege, even in a conclusory fashion, that RISE was the lender in her loan transactions. To the contrary, plaintiff alleges that RISE's role was to generate leads for loans from FinWise, that she entered into a series of loan agreements with FinWise, and that RISE made money on the transaction by receiving compensation from FinWise on a per loan basis (not through receipt of interest payments). Dkt. # 1-1 at 1 and ¶¶ 30-31, 34, and 73-74. Given the allegations of the complaint, plaintiff's *per se* CPA claim is preempted under DIDA.

**C. Plausible Claim for Relief**

The Court assumes for purposes of this motion that some portion of plaintiff's non-*per se* CPA and unjust enrichment claims are based on conduct other than the interest rate charged in the loan agreements. To that extent, these claims would not be preempted.[1] They nevertheless fail because the allegations of the complaint do not give rise to a plausible inference that RISE could be held liable on either claim.

 1. Non-*Per Se* CPA Claim

  a. Injury to Business or Property

Plaintiff's allegations of injury for purposes of her CPA claim are that: (a) RISE solicited loan products with "outrageous interest rates;, (b) "[o]ver the course of 48 payments, the loan of $3,000 will cost her $9,666.08;" and (c) "plaintiff and the members of the class she seeks to

---

[1] If, for example, RISE's solicitations included misrepresentations regarding the fees associated with the proposed transaction or a false promise of a free car upon signing, a CPA claim having nothing to do with the interest rate charged might survive the preemptive effect of DIDA.

ORDER GRANTING RISE CREDIT SERVICE
OF TEXAS' MOTION TO DISMISS - 6

represent have suffered injury and damages in an amount to be proven at the time of trial." Dkt. # 1-1 at ¶¶ 19, 33 and 57. Although the third allegation is conclusory and formulaic, the first and second, taken together, raise a plausible inference of financial injury arising out of RISE's solicitation.[2]

### b. Causation

Defendant argues that plaintiff has not adequately alleged that her payment of excessive interest is causally connected to its allegedly unfair and deceptive solicitations. RISE's theory is that plaintiff was injured as a result of her loan agreement with FinWise, absolving RISE of any liability associated with its efforts to solicit that agreement. RISE's demand for a direct causal connection, with no intervening acts or events, is unsupported by Washington law. The Court finds that the issuance of the loan RISE successfully solicited is not a superceding cause of plaintiff's alleged injury.

### c. Unfair and Deceptive Act or Practice

For the reasons stated in the Court's "Order Granting Opportunity Financial's Motion to Dismiss," of even date, plaintiff has failed to identify what representations RISE made or how they were misleading. In the absence of additional information regarding the form, content, and context of RISE's solicitations, plaintiff has failed to raise a plausible inference of liability under the CPA.

### 2. Unjust Enrichment

Plaintiff argues that RISE was unjustly enriched by the amount of the payments it

---

[2] RISE vaguely suggests that plaintiff has been excused from making payments under the loan agreement, such that she will be unable to show injury arising out of the loan. While RISE may be able to show that plaintiff has not, in fact, suffered cognizable injury under the CPA, resolving that factual issue is not appropriate in the context of this motion to dismiss.

ORDER GRANTING RISE CREDIT SERVICE
OF TEXAS' MOTION TO DISMISS - 7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

received from FinWise in exchange for its services in locating borrowers and instigating the loans. The first element of an unjust enrichment claim requires that the benefit be conferred upon the defendant by the plaintiff or at the plaintiff's expense. *Young v. Young*, 164 Wn.2d 477, 484 (2008). Plaintiff does not allege that she paid any fees to RISE or that the compensation paid by FinWise was at plaintiff's expense. Absent such allegations, the unjust enrichment claim is not plausible.

For all of the foregoing reasons, defendant RISE's motion to dismiss is GRANTED. Plaintiff's *per se* CPA claim is preempted by DIDA, and the allegations of the complaint do not give rise to a plausible inference of liability under a non-*per se* CPA or unjust enrichment theories. All claims against RISE are therefore DISMISSED. If plaintiff believes she can, consistent with her Rule 11 obligations, amend the complaint to remedy the pleading and/or legal deficiencies identified above, she may, on or before January 25, 2021, file a motion to amend and attach a proposed pleading for the Court's consideration pursuant to LCR 15.

Dated this 12th day of January, 2021.

*Robert S. Lasnik*

Robert S. Lasnik
United States District Judge

ORDER GRANTING RISE CREDIT SERVICE
OF TEXAS' MOTION TO DISMISS - 8