HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SOPHEARY SANH, | NO. 2:20-cv-00310 |
| Plaintiff, | MOTION TO AMEND |
| v. | NOTING DATE: FEBRUARY 19, 2021 |
| OPPORTUNITY FINANCIAL, LLC, APPLIED DATA FINANCE, LLC d/b/a PERSONIFY FINANCIAL, and RISE CREDIT SERVICE OF TEXAS, LLC d/b/a RISE, | |
| Defendants. | |

## I.   RELIEF REQUESTED

Plaintiff Sopheary Sanh moves the Court for an order permitting her to amend the complaint to add Elevate Credit, the parent entity of Defendant RISE Credit Service of Texas, LLC, and to narrow the scope of the Consumer Protection Act claims at issue. This motion is made pursuant to the Court's order permitting Ms. Sanh to seek amendment in the event an amended pleading could address the deficiencies identified in the Court's ruling. *See* Dkt. No. 49 at 8.

The proposed amended pleading responds to the Court's order and specifically, the statement, "[t]he problem is not with Plaintiff's 'real lender' or 'real party in interest' theory of liability, but with the allegations of the complaint. At no point does plaintiff

allege, even in a conclusory fashion, that RISE was the lender in her transactions." *Id*. at 6.

Following entry of the Court's order, Plaintiff obtained additional information to support the theory advanced in her briefing, *viz.*, that RISE's parent, Elevate Credit, was the true lender in the loan at issue and that Elevate used other entities, including RISE Credit Services of Texas, LLC and FinWise Bank to deceive consumers, courts, and regulators into which entity controlled the loans at issue. The 'rent-a-bank' scheme perpetuated by Elevate has been subject to increasing scrutiny, including the Washington D.C. Attorney General and Wall Street Journal. Based in part on information recently obtained by Ms. Sanh's counsel, and as detailed in the amended pleading, Ms. Sanh alleges that Elevate is the "true lender" of the loan. The pleading also alleges that Elevate's subsidiary, RISE Credit Services of Texas, LLC, provided necessary support to its parent to effectuate the 'rent-a-bank' scheme.

## II.   FACTS

Plaintiff Sopheary Sanh left college with substantial student loans and medical debt, resulting in a Chapter 7 bankruptcy.[1] After her bankruptcy discharge, Elevate Credit, Inc., with support from its subsidiary RISE and/or RISE Credit Service of Texas, LLC, targeted Ms. Sanh with mail solicitations at her home in South Seattle. Elevate sent at least three solicitations to Ms. Sanh, stating that she was preapproved or prequalified for a loan as soon as "tomorrow," but these solicitations did not disclose the outrageous interest rate and true costs.

---

[1] Unless explicitly stated otherwise, the facts herein are based on the allegations contained in Ms. Sanh's proposed amended pleading, attached hereto. *See* Declaration of Brendan W. Donckers at **Ex. 1** (Proposed Amended Complaint).

MOTION TO AMEND - 2
NO. 2:20-cv-00310

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

Ms. Sanh was given a $3,000 loan that accrued interest at 149.09%, costing her $9,666.08. Although the 149.09% interest rate on Ms. Sanh's loan vastly exceeds what is permitted under Washington's usury law, Elevate attempted to evade application of state law by entering into an agreement with FinWise, a state-chartered bank in Utah. However, despite FinWise's name on the loan documents, Elevate controlled the process, used another entity it owns, EF SPV, Ltd., to fund the loan, derived the most economic benefit from loan, and owns a 95 percent interest in the loan. Elevate used this 'rent-a-bank' scheme to target financially vulnerable consumers like Ms. Sanh across Washington. Instead of providing a financial lifeline, these loans and the scheme deployed to originate them, are catalyst to a never-ending debt cycle that has largely eluded scrutiny.

But as detailed in the proposed amended pleading, this is beginning to change, as states, attorneys general, and media have begun to unveil how Elevate has perpetuated this scheme and caused harm to consumers across the country, including thousands of Washingtonians. The proposed amended pleading provides the detail Ms. Sanh currently has, based on documents that were published *after* Ms. Sanh filed the original complaint.

No prejudice will result because the case has barely begun. Although Plaintiff requested discovery from Elevate's subsidiary, RISE Credit Service of Texas, RISE refused to produce much of what was requested. RISE, in fact, produced only limited information that supported its self-serving theory of the case and, in its brief to the Court, contended that it was the wrong party because it was merely doing business under its parent company, Elevate. Dkt. No. 43 at 5 (citing RISE's corporate disclosure statement

and Elevate's 10-K Statement for 2017, and various other documents identifying Elevate). Accordingly, the amended pleading proposes to add RISE's parent, Elevate.

### III.   AUTHORITY

Under Fed. R. Civ. P. 15(a)(2), courts "should freely give leave [to amend] when justice so requires." Freely granting leave "when justice so requires," is "to be applied with *extreme liberality*." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (italics added).

In considering a motion to amend, courts evaluate several factors set forth in *Forman v. Davis*, 371 U.S. 178, 182 (1962), including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment[.]" The consideration of prejudice to the non-moving party carries the most weight. *Eminence*, 316 F.3d at 1052.

If a court does not find prejudice or a "strong showing" of the *Forman* factors, there is a "presumption" under Rule 15(a) in favor of granting leave to amend. *Id*. Prejudice must be substantial for leave to be denied. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

None of the *Forman* factors apply here and there is no prejudice to Elevate at this early stage in the litigation. Indeed, RISE asserted that Elevate, as its parent company, is the proper party to provide relief to Ms. Sanh's claims. Dkt. No. 43 at 5. While Plaintiff served targeted discovery on RISE, it did not substantively respond and no discovery has been undertaken by either entity from Ms. Sanh. There has been no delay in bringing this motion. To the contrary, the motion is consistent with the Court's order allowing her to do so and brought within the timeframe set therein. *See* Dkt. No. 49 at 8. The proposed pleading is based largely on sources that only became available months after the original complaint was filed.

### IV. CONCLUSION

For the forgoing reasons, Ms. Sanh respectfully requests permission to file the proposed First Amended Complaint attached to the declaration of her counsel.

DATED:  January 25, 2021.

BRESKIN JOHNSON & TOWNSEND, PLLC

By: *s/Brendan W. Donckers*
Brendan W. Donckers, WSBA #39406
*s/Roger M. Townsend*
Roger M. Townsend, WSBA #25525
1000 Second Avenue, Suite 3670
Seattle, WA  98104
(206) 652-8660 Telephone
(206) 652-8290 Facsimile
bdonckers@bjtlegal.com
rtownsend@bjtlegal.com

LEONARD LAW

By: s/ *Sam Leonard*
Sam Leonard, WSBA #46498
1001 4th Avenue, Suite 3200
Seattle, WA 98154
(206) 486-1176
sam@seattledebtdefense.com

*Attorneys for Plaintiff*