# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

SOPHEARY SANH,

    Plaintiff,

v.

OPPORTUNITY FINANCIAL, LLC, *et al.*,

    Defendants.

NO. C20-0310RSL

ORDER GRANTING LEAVE TO AMEND

This matter comes before the Court on plaintiff's "Motion to Amend." Dkt. # 50. Having reviewed the memoranda, declaration, and exhibit submitted by the parties, the Court finds as follows:

In her original complaint, plaintiff alleged, on behalf of herself and all others similarly situated, that defendants solicit vulnerable consumers within the State of Washington for loan products but do not disclose in their solicitations that the loans have outrageous interest rates far in excess of that which is permitted under Washington's usury statute. Plaintiff alleged that she received solicitations from defendants, three non-bank entities, in March and April 2019 notifying her that she was pre-approved for a loan with an interest rate that would decrease over time and which was a "better way to borrow." Dkt. # 1-1 at ¶¶ 13 and 16. Plaintiff alleged that, as a result of these communications, she entered into loan agreements with FinWise Bank and that the named defendants were compensated by FinWise. Dkt. # 1-1 at ¶¶ 25, 26, and 29.

ORDER GRANTING LEAVE TO AMEND - 1

In response to defendants' motions to dismiss on preemption grounds, plaintiff asserted that FinWise was not, in fact, the lender. She argued that defendants had merely co-opted or rented FinWise's name so that they could affix it to the loan documents, acquire federal preemption of state usury laws, and evade Washington's efforts to regulate the interest rates charged its citizens. The Court found this "true lender" or "real party in interest" theory of liability to be viable, but dismissed the claims because there were no allegations in support of such a theory. Plaintiff filed a timely motion for leave to amend, identifying a non-bank entity as the true lender based on information that was obtained after the original complaint was filed.[1]

Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). There is a "strong policy in favor of allowing amendment" (*Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994)), and "[c]ourts may decline to grant leave to amend only if there is strong evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment, etc." *Sonoma County Ass'n of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) (internal quotation marks and alterations omitted)). The underlying purpose of Rule 15 is "to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d

---

[1] Where a non-bank entity has extended a loan, there is no state-chartered bank, there is no issue of federal insurance, state regulation of such loans would not adversely impact a banking entity's ability to lend, and DIDA preemption would not apply. 12 U.S.C. § 1831d(a) (preventing discrimination against state-chartered insured depository institutions); *Ubaldi v. SLM Corp.*, 852 F. Supp.2d 1190, 1203 (N.D. Cal. 2012) (declining to dismiss usury claim where plaintiff alleged that the national bank named in the loan documents was not the actual lender). *See also* Dkt. # 41 at 5 (FDIC Final Rule re: Federal Interest Rate Authority, dated June 5, 2020, recognizing the "real party in interest" argument and noting that "the FDIC continues to support the position that it will view unfavorably entities that partner with a State bank with the sole goal of evading a lower interest rate established under the law of the entity's licensing State(s)").

ORDER GRANTING LEAVE TO AMEND - 2

1122, 1127 (9th Cir. 2000). The Court finds that amendment is appropriate in this case. Although plaintiff's amended allegations regarding the identity of the lender contradict those asserted in the original complaint, the inconsistency does not give rise to an inference, much less a strong showing, of bad faith or futility in the context presented here. Plaintiff's understanding of who lent her money was based on documents produced by defendants: having now discovered that those documents may have misstated the facts, her request to correct the record through an amendment is justified and proper.

Plaintiff's motion for leave to amend (Dkt. # 50) is GRANTED. Plaintiff shall, within seven days of the date of this Order, file and serve an amended complaint in essentially the form attached as an exhibit to the Declaration of Brendan Donckers (Dkt. # 51).

Dated this 21st day of June, 2021.

Robert S. Lasnik
United States District Judge

ORDER GRANTING LEAVE TO AMEND - 3