UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SOPHEARY SANH,<br><br>    Plaintiff,<br><br>v.<br><br>RISE CREDIT SERVICE OF TEXAS, LLC d/b/a RISE and ELEVATE CREDIT, INC.,<br><br>    Defendants. | NO. 2:20-cv-00310<br><br>AMENDED CLASS ACTION COMPLAINT |

## I. INTRODUCTION

Plaintiff Sopheary Sanh alleges on behalf of the putative class and upon information and belief as set forth herein.

Defendant Elevate Credit Inc. ("Elevate") is non-bank subprime lender that aggressively solicits financially vulnerable Washingtonians to enter into loans whose interest rates can exceed 149%. *See* Exhibit A[1] Because Elevate is not a bank and subject to state usury laws, Elevate uses a rent-a-bank scheme to originate its high interest loans. *Id*. Its scheme involves an offshore entity, controlled by Elevate, that funds loans made in the name of FinWise Bank, which is chartered in Utah. Elevate

---

[1] *See* Exhibit A attached herein (Jean Eaglesham, Anna Maria Andriotis and Coulter Jones, *'Rent-a-Banks' Defy States' Growing Efforts to Curb High-Costs Lending*, Wall St. J., March 12, 2020 (available online at https://www.wsj.com/articles/rent-a-banks-defy-states-growing-efforts-to-curb-high-cost-lending-11583435510?mod=searchresults_pos3&page=1)) (here in after referred to as the WSJ Article).

AMENDED CLASS ACTION COMPLAINT - 1
Cause No. 2:20-cv-00310

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

has a 95-96 percent ownership interest in the loans, which it brands as RISE-FinWise loans. *Id*. Not only is Elevate's lending scheme set up to skirt usury laws and state and federal consumer protections, its loan funding and purchasing arm is set up in the Cayman Islands to avoid paying United States business taxes. *Id*.

Elevate's high interest lending scheme is fed by its predatory marketing and solicitation strategy. Elevate combs consumer credit reports for the financially vulnerable and desperate. *See* Dkt. No. 39-1 Ex. 1 at 2 (RISE-branded loan solicitation Prescreen notice). Once target borrowers are identified, Elevate sends solicitations to the consumers home, repeatedly, while the potential borrower's need is the greatest. Notably, Elevate's name is omitted from the solicitations and documents a borrower signs. Elevate deploys its subsidiaries, brands, and affiliates, like RISE, RISE Credit Services of Texas, and FinWise, to perpetuate its scheme that feeds it millions if not billions of dollars.

Elevate coaxed Ms. Sanh into entering into a RISE-branded 149% interest rate loan. Elevate is the true lender on this loan. When Ms. Sanh learned that the loan was illegal and she had recourse, she sued the original defendant RISE Credit Services of Texas, believing this entity to be the one that solicited her. Her claims against RISE Credit Services of Texas were dismissed and Ms. Sanh subsequently obtained facts indicating that the true lender in the loan agreement she entered into, and indeed the entity responsible for marketing the product to her was the non-bank sub-prime lender Elevate.

This scheme presents a gross abuse of the public trust. It not only exploits the vulnerable for pecuniary gain, it threatens the stability of the marketplace by incentivizing dishonesty. Washington law and federal law do not allow Elevate to be

AMENDED CLASS ACTION COMPLAINT - 2
Cause No. 2:20-cv-00310

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

the true-lender and real party in interest on the high-interest loans that were marketed and sold to individuals like Ms. Sanh. Elevate's conduct is unfair and deceptive in violation of Washington's Consumer Protection Act. It has caused injury and damages to thousands of Washington consumers. Ms. Sanh brings this action to protect herself and others like her.

## II.   PARTIES

1. Plaintiff Sopheary Sanh is a resident of King County, Washington.

2. Defendant Elevate Credit Inc., is a publicly traded company that does business in Washington under the brand name "RISE" for the purposes of marketing, soliciting, and originating installment loan products.

3. Elevate is a foreign company doing business in King County and throughout the state of Washington.

4. Defendant RISE Credit Services of Texas, LLC, does business in Washington under the brand name "RISE" for the purposes of marketing, soliciting, and originating installment loan products.

5. RISE Credit Services of Texas is a foreign limited liability company doing business in King County and throughout the state of Washington.

6. Rise Credit Services of Texas, LLC, is a subsidiary of Defendant Elevate.

## III.   JURISDICTION AND VENUE

7. This matter was originally filed in the Superior Court for the State of Washington in King County.

8. Venue was proper pursuant to RCW 4.12.025 (1) and (3) because the Defendants transacted business in King County, the Defendants solicited business

from King County residents, King County residents entered into an agreement in King County.

9. The King County Superior Court has jurisdiction over this matter pursuant to RCW 4.12.020(3) because the cause of action arose in King County and pursuant to RCW 19.86.090, which allows Washington residents to bring private right of action Consumer Protection Act claims in the superior courts of this state to enjoin unfair or deceptive business practices that affect the public interest and cause injury.

10. This matter was removed to this Court by OppLoans pursuant to 28 U.S.C. §§ 1332(d)(2), 1441, 1446 and 1453.

## IV.   FACTUAL ALLEGATIONS

**A.   Procedural History**

11. In January 2020, Ms. Sanh commenced this action in King County Superior Court by suing three entities, Applied Data Finance, LLC d/b/a/ Personify Financial ("Personify"), RISE Credit Services of Texas, LLC ("RISE") and Opportunity Financial, LLC ("OppLoans"). She alleged that these entities solicited her to enter into loans with rates substantially above Washington state's usury rate.

12. Ms. Sanh's original Complaint alleged Washington's Consumer Protection Act ("WCPA") violations because: (1) the Defendants had transacted in usurious loans and (2) that Defendants engaged in unfair and deceptive marketing scheme to entrap borrowers in high interest loans.

13. OppLoans and RISE each moved to dismiss Ms. Sanh's claim on May 11, 2020. Dkt. Nos. 27, 30.

14. Both OppLoans and RISE argued that Ms. Sanh's WCPA usury claims must be dismissed under Fed. R. Civ. P. 12(B)(6) because they were preempted under the Depository Institutions Deregulation and Monetary Control Act of 1980 ("DIDA").

15. RISE also alleged that Plaintiff had sued the wrong party and that Ms. Sanh's claims should be dismissed under Fed. R. Civ. P. 12(b)(2), because the loan she entered into was not a loan with RISE, but instead a RISE-branded loan.

16. RISE alleged that it was a subsidiary of Elevate Credit, Inc. Dkt. Nos. 14 & 43 at 4.

17. Plaintiffs' claims were dismissed without prejudice and she was given leave to amend on January 12, 2021. Dkt. Nos. 48 and 49.

18. After dismissal, Ms. Sanh obtained facts, through a Wall Street Journal investigative article, a Complaint filed by the Attorney General of the District of Columbia and Elevate's SEC filings, indicating that Elevate was the true-lender of her RISE-branded loan.

19. Ms. Sanh now submits this Amended Complaint alleging Elevate, along with RISE, have violated the WCPA per se by violating Washington's usury statute, and it has violated the WCPA through unfair and deceptive lending practices involving a scheme to deceive courts, regulators, and borrowers into believing that state-chartered banks are the lenders of loans like those entered into by Ms. Sanh and others, when non-bank Defendant Elevate is in fact the true lender and real party in interest.

**B.     Defendants Elevate Credit, Inc. and RISE Credit Services of Texas**

20. Defendant Elevate Credit, Inc. is an online lender that operates through several websites, including www.risecredit.com, www.elastic.com, and www.elevate.com. Ex. B at 1 (Complaint filed by Washington, D.C., Attorney General (DC AG Complaint)).[2]

21. The www.risecredit.com website contains no mention of Elevate.

22. RISE is not an independent entity, but instead an Elevate brand.

23. Elevate boasts that from 2002 to December 31, 2019 it has $8,100,000,000 in loan originations. Ex. C [3]

24. In Washington state, Elevate markets RISE-branded loans as RISE-FinWise loans.

25. Elevate has the predominant economic interest in the RISE-FinWise branded loans it provides to Washingtonians. Ex. B at (DC AG Complaint).

26. Elevate's SEC filings indicate that an Elevate entity named EF SPV, Ltd. owns 95% of RISE-FinWise loans like Ms. Sanh's. Ex. D at 25 (40 of 189).[4]

27. EF SPV, Ltd., located in the tax haven of the Cayman Islands, is an Elevate entity for accounting purposes. Ex. A at 4 (WSJ Article).

28. EF SPV, Ltd. entity funds the RISE branded loans in the name of FinWise. Ex. C at 41 (Elevate Annual Report).

---

[2] *District of Columbia v. Elevate Credit, Inc.*, Civil Case No. ___, Superior Court of the Dist. of Columbia (Complaint dated June 5, 2020)
[3] Elevate 2019 Annual Report (cover page 3) available online at https://s23.q4cdn.com/490591927/files/doc_financials/2020/ar/2019-annual-report.pdf
[4] Elevate Credit, Inc.'s Quarterly Report Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 for period ending September 30, 2020 available at: at https://www.sec.gov/ix?doc=/Archives/edgar/data/1651094/000165109420000051/elvt-20200930.htm.

29. Elevate reaps a lion share of the benefit from most of the repayments on RISE-branded loans originated in Washington and bears a majority of the costs and risks for the loans. *See* Ex. A at 3 (WSJ Article).

30. Elevate aggressively markets RISE-branded loans in Washington, despite omitting its name on the RISE-branded loan solicitations that it sends.

31. Elevate controls, funds, and profits from the RISE-FinWise branded loan products, despite omitting its name from those documents as well.

32. RISE Credit Services of Texas, LLC, as a subsidiary and through its partnership with parent Elevate Credit, Inc., facilitates, supports, and contributes to this illegal scheme.

33. RISE Credit Services of Texas, LLC's participation in the scheme includes, but is not limited to, hosting a website, a P.O. Box in Fort Worth, Texas, and, supporting and/or directing marketing and solicitation materials to be sent to consumers' residences in Washington.

**C.     Plaintiff's Individual Factual Allegations**

34. Plaintiff Sopheary Sanh is a recent college graduate with substantial federal student loans and medical debt.

35. In 2015, Ms. Sanh divorced her husband leaving her financially unable to pay her bills.

36. Unable to pay her debts, Ms. Sanh filed for Chapter 7 bankruptcy to discharge certain debts after her divorce and graduation from school.

37. As a result of filing for bankruptcy, Ms. Sanh was ineligible to file for Chapter 7 bankruptcy again for eight years.

38. In March and April of 2019, she received solicitations marketing predatory loan products at her home in Seattle.

39. Some of the solicitations that she received stated that they were from RISE and directed Ms. Sanh to logon to RISEcredit.com.

40. The RISE brand identified in the solicitation is in-fact just an Elevate branding strategy.

41. One RISE-branded solicitation from Elevate indicated that Ms. Sanh had been specifically targeted by RISE, stating that the "'prescreened' offer of credit is based on information in your credit report indicating that you meet certain criteria." *See* Dkt. No. 39-1, Ex. 1.

42. RISE-branded solicitations sent to Ms. Sanh contained the same return address as the address appearing on the website of Defendant RISE Credit Services of Texas, LLC: P.O. Box. 101808 Fort Worth, Texas 76815. *See* Dkt. No. 39-1 at Ex. 2 (Solicitation).

43. At the time of the solicitation Ms. Sanh's credit report showed that she had recently emerged from bankruptcy.

44. The RISE-branded solicitations from Elevate included bold language stating that Ms. Sanh was "pre-approved" or "pre-qualified" for a loan. *See id*.

45. The solicitations for the RISE branded loans represented that FinWise Bank was the originating lender, when in-fact the true-lender and real-party in interest was Elevate. *See e.g.,* Exhibit A (WSJ Article).

46. None of Elevate's RISE-branded solicitations identified the outrageous interest rates that would be assessed to the principal loan amount or the rent-a-banks scheme underlying the loans.

47. The solicitors intentionally withheld information relating to the outrageous interest rates and costs that would accompany these loans.

48. As a result of Elevate's solicitation, Ms. Sanh entered into a loan in which the non-bank Elevate was the true-lender and real party in interest.

49. The loan amount of $3,000 earned interest at 149.09%.

50. 149.09% is unfair.

51. Over the course of 48 payments, the loan of $3,000 will cost her $9,666.08.

52. Ms. Sanh received the proceeds of the RISE-branded loan and made payments on it.

53. Elevate and/or Elevate through EF SPV, Ltd., funded Ms. Sanh's loan and currently own at least 95 percent of her loan.

54. On information and belief, Elevate is the true-lender and real party in interest on the RISE-branded loan Ms. Sanh entered into.

**D.     CIVIL RULE 23 ALLEGATIONS**

55. Plaintiff brings this action on her own behalf and as a class action, pursuant to Fed. R. Civ. P. 23(a) and 23(b) on behalf of the following class:

> All consumers in the State of Washington who entered into RISE-branded loans with an interest rate that exceeded 12 percent per annum or who made payments on a RISE-branded loan in their name between January 27, 2016 and the present date.

56. The proposed class is so numerous that joinder of all members is impracticable. Although the precise number of class members is known only to Defendants, upon information and belief, there are many consumers that have been targeted and solicited for consumer loans with usurious and outrageous interest rates.

57. There are questions of law and fact common to the proposed class.

58. The principal question as to the class is whether Defendant Elevate is the true lender on usurious loans that were marketed to and entered into with Washington residents in violation of Washington's usury laws and the WCPA.

59. Another common issue is whether the Defendant used an unfair and deceptive scheme to lure and mislead consumers and deceive the courts and regulators as to who the true lender of the RISE-branded loans is.

60. Plaintiff's claims are typical of the claims of the proposed class, as they all arise from the same operative facts and are based on the same legal theories.

61. Plaintiff will fairly and adequately protect the interests of the proposed class. Plaintiff is committed to vigorously litigating this matter and has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor her counsel has any interests which might conflict with the interests of the proposed class.

62. This action may be certified under Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the proposed class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole. Plaintiff's claim for monetary relief is incidental to the injunctive and declaratory relief that she seeks. The damages flow directly from liability to the class as a whole on the claims forming the basis of the injunctive and declaratory relief. Moreover, computing the monetary relief is simple and relies entirely on objective facts, without the need for subjective assessments of each class member's circumstances. There is no threat of a due process violation because all damages can be objectively determined. Plaintiff's request for declaratory

and injunctive relief is more than a basis for monetary relief. The relatively modest monetary relief sought by Plaintiff does not dominate her claim for declaratory and injunctive relief.

63. In the alternative, or in addition to certifying under Fed. R. Civ. P. 23(b)(2), this action may be certified as a Fed. R. Civ. P. 23(b)(3) class action. Certification under Fed. R. Civ. P. 23(b)(3) is warranted because questions of law or fact common to the class predominate over any questions affecting only individual members.

64. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy, in that:

   a. Members of the proposed damages class do not have an overriding interest in individually controlling the prosecution of separate actions;

   b. No other litigation concerning this controversy has been commenced by or against members of the damages class;

   c. Concentration of litigation is desirable so that all claims can be resolved in one forum; and

   d. Management of this case as a damages class action will present significantly fewer difficulties than would be presented in many individual claims challenging Defendants' unfair and deceptive practices relating to the usurious interest rates on its loans.

### V. CLASS CLAIMS AND CAUSES OF ACTION

**A. Defendants Violated the Consumer Protection Act for Committing Unfair and Deceptive Acts in Trade or Commerce (Non *Per Se* CPA Claim)**

65. Plaintiff re-alleges each and every allegation as set forth above.

66. Defendants Elevate and its subsidiary, RISE Credit Services of Texas, LLC, solicited Washington consumers to apply for pre-approved or pre-qualified RISE-branded loans without disclosing the high costs of such loans, including the potential interest rate that could exceed 149 percent per annum.

67. Defendants did not disclose that Elevate was the true-lender or real party in interest on the RISE-branded loans and engaged in a scheme of transacting in usurious loans against Washington law and concealing its actions by omitting its name from any and all solicitation materials, loan documents and even the RISEcredit.com website.

68. Defendants' practices constitute non per se unfair or deceptive practices occurring in trade or commerce in violation of the Consumer Protection Act, Chapter 19.86 RCW.

69. Defendants' practices adversely impact the public interest and caused injury and have the capacity to injure other persons.

70. Defendants' practices create an unfair marketplace and give it an unfair advantage in violation of the WCPA.

71. As a direct and proximate cause of Defendants' practices, Plaintiff and the members of the class she seeks to represent have suffered injury and damages in an amount to be proven at the time of trial.

**B. Defendants Violated the Consumer Protection Act by Entering Into and Transacting Usurious Contracts (*Per Se* CPA Claim)**

72. Plaintiff re-alleges each and every allegation as set forth above.

73. The CPA prohibits "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."

74. Under RCW 19.52.020, rates of interest cannot exceed the higher of either (a) twelve percent per annum or (b) four percentage points above the equivalent coupon issue yield of the average bill rate for twenty-six week treasury bills.

75. Under RCW 19.52.030 contracts shall be usurious if they contain an interest rate that is greater than the rate permitted under RCW 19.52.020.

76. Washington's legislature has declared that "entering into or *transacting* a usurious contract" is an unfair act or practice in the conduct of commerce for the purpose of the application of the [C]onsumer [P]rotection [A]ct." RCW 19.52.036 (emphasis added).

77. In the four years preceding the filing of this action, the coupon issue yield of the average bill rate for twenty-six week treasury bills plus four percentage points was lower than twelve percent per annum.

78. Defendants have a practice or pattern of entering into and transacting usurious RISE-branded loans that Elevate is the true-lender of and the real party in interest on.

79. Defendants' practices constitute per se unfair and deceptive practices occurring in trade or commerce in violation of the Consumer Protection Act, Chapter 19.86 RCW.

80. Defendants' practices adversely impact the public interest and caused injury and have the capacity to injure other persons.

81. As a direct and proximate cause of Defendants' practices, Plaintiff and the members of the class she seeks to represent have suffered injury and damages in an amount to be proven at the time of trial.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sopheary Sanh respectfully requests that the Court enter judgment as follows:

(a) Certification of the class as proposed, under Fed. R. Civ. P. 23, appointing Plaintiff and her counsel to represent the class;

(b) An injunction under Chapter 19.86 RCW enjoining Defendants from soliciting consumers to apply for loans with usurious and outrageous interest rates without disclosure;

(c) Judgment against Defendants for actual damages pursuant to RCW 19.86.090;

(d) Treble damages pursuant to RCW 19.86.090;

(e) Out-of-pocket and investigative expenses;

(f) An award of costs and reasonable attorneys' fees based on all applicable statutes and other grounds, including RCW 19.86.090;

(g) Pre-judgment interest on all amounts awarded as allowed by law;

(h) Post-judgment interest;

(i) A supplemental award to cover any adverse tax consequences of the judgment; and

(j) Awarding Plaintiff such further equitable, legal or additional relief as may be appropriate and just.

Dated: June 22, 2021

BRESKIN JOHNSON & TOWNSEND, PLLC

By: _s/ Roger M. Townsend_
Brendan W. Donckers, WSBA #39406
Roger M. Townsend, WSBA #25525
1000 Second Avenue, Suite 3670
Seattle, WA 98104

|     |     |
| --- | --- |
| 1   |   (206) 652-8660 |
| 2   |   bdonckers@bjtlegal.com |
|     |   rtownsend@bjtlegal.com |

LEONARD LAW

By: *s/ Sam Leonard*
    Sam Leonard, WSBA #46498
    1001 4th Avenue, Suite 3200
    Seattle, WA 98154
    (206) 486-1176
    sam@seattledebtdefense.com