UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SOPHEARY SANH,

        Plaintiff,

        v.

RISE CREDIT SERVICE OF TEXAS, LLC, *et al.*,

        Defendants.

NO. C20-0310RSL

ORDER DENYING DEFENDANTS' MOTION TO DISMISS

This matter comes before the Court on "Defendants' Motion to Dismiss Plaintiff's Amended Complaint." Dkt. # 62. Plaintiff alleges, on behalf of herself and all others similarly situated, that defendant Elevate Credit, Inc. ("Elevate"), aggressively and intentionally solicits financially vulnerable consumers within the State of Washington for loan products under the brand name "RISE." Plaintiff further alleges that Elevate is a non-bank entity and the true lender on the RISE-branded loan she entered into as a result of the solicitations. The loan has an interest rate of 149% per annum. Plaintiff sued both Elevate and RISE Credit Services of Texas, LLC ("RISE"), alleging that the latter is a subsidiary of Elevate and "does business in Washington under the brand name 'RISE' for the purposes of marketing, soliciting, and originating installment loan products." Dkt. # 56 at ¶¶ 4 and 6. Plaintiff asserts both *per se* and non-*per se* claims under the Washington Consumer Protection Act and seeks class-wide

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS - 1

injunctive relief, actual damages, treble damages, and an award of attorney's fees and costs. Defendants seek dismissal of all of plaintiff's claims on the grounds that the allegations of the Amended Complaint contradict her earlier pleading, that the documents attached to the amended pleading disprove her allegations, and that the allegations against defendant RISE were not meaningfully changed from the prior, dismissed claims.

The first argument is unavailing. "In the Ninth Circuit, the filing of 'an amended complaint supercedes the original complaint and renders it without legal effect.'" *Umouyo v. Bank of Am. NA*, No. 2:22-CV-00704-JHC, 2022 WL 2392386, at *1 (W.D. Wash. July 1, 2022) (quoting *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012)). Defendants have not attempted to show that judicial estoppel applies or identified any other theory that would justify the striking of properly alleged claims simply because they are based on allegations that contradict those of a superceded (and unsuccessful) pleading.

With regards to the adequacy of plaintiff's allegations regarding the roles Elevate and FinWise Bank played in her loan, the Court's review is generally limited to the contents of the complaint. *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996). The complaint is considered in its entirety, however, including documents attached to the complaint, those that are incorporated by reference, and matters of which a court may take judicial notice. *Tellabs v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 310 (2007); *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). The Court has therefore considered the contents of the documents attached to and incorporated into the Amended Complaint and generally assumed that their contents are true, with all reasonable inferences drawn in favor of plaintiff. *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144-45 (9th Cir. 2013). This assumption extends only insofar as it supports plaintiff's allegations, however: "it is improper to assume the truth of an

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS - 2

incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018). "This admonition is, of course, consistent with the prohibition against resolving factual disputes at the pleading stage" and prevents defendants from using incorporated documents "to short-circuit the resolution of a well-pleaded claim." *Id.* Such a use would be particularly problematic here where plaintiff's claims are based on the allegation that defendants are gaming the system by failing to disclose the true nature of their loan products and relationships, to the detriment of Washington consumers. To allow defendants to rely on their own out-of-court statements to disprove plaintiff's allegations would be inappropriate at this stage of the proceeding.

The question for the Court on a Rule 12(b)(6) motion is whether the facts alleged sufficiently state a "plausible" ground for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

> A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Plausibility requires pleading facts, as opposed to conclusory allegations or the formulaic recitation of elements of a cause of action, and must rise above the mere conceivability or possibility of unlawful conduct that entitles the pleader to relief. Factual allegations must be enough to raise a right to relief above the speculative level. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. Nor is it enough that the complaint is factually neutral; rather, it must be factually suggestive.

*Somers v. Apple, Inc.*, 729 F.3d 953, 959-60 (9th Cir. 2013) (internal quotation marks and citations omitted). Having considered the Amended Complaint, the original complaint, the

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS - 3

Court's prior orders, and the memoranda and exhibits submitted by the parties,[1] and the remainder of the record, the Court finds that plaintiff has adequately pled that FinWise has essentially rented its charter to Elevate for the purpose of charging usurious interest rates to Washington consumers through its RISE products, that plaintiff has adequately alleged that the actual transactions at issue (as opposed to the one described on paper) involve Elevate (or an entity it controls) funding the challenged loans while paying a minimal fee to FinWise for the use of its name, and that, if plaintiff can prove the alleged facts, federal preemption would not apply because there would be no state-chartered bank involved and no issue of federal insurance. Plaintiff's *per se* Consumer Protection Act claim may, therefore, proceed.

With respect to the non-*per se* Consumer Protection Act claim, plaintiff alleges that defendants acted unfairly or deceptively by failing to disclose the high costs of the loans they were advertising and failing to disclose that Elevate was the true lender or real party in interest on the RISE-branded loans. She makes no effort to explain how the first omission could mislead a reasonable consumer. As the Court previously noted, "[a]n offer to lend funds at an unspecified interest rate, without more, is not inherently misleading. A critical piece of information would obviously be missing, but there is no misrepresentation of fact: a consumer could not reasonably suppose that he or she knew what the undisclosed term would ultimately be." Dkt. # 48 at 9. While it is not entirely clear that a potential borrower would normally care whether the offered loan were to be funded by the offerer, its parent, or a third-party bank,

---

[1] This matter can be resolved on the papers submitted. The parties' requests for oral argument are DENIED.

The Court has not considered the improper arguments submitted with or in opposition to defendants' notice of supplemental authority. Dkt. 69 at 1-2; Dkt. # 70 at 2-3. Nor has the Court considered the unsigned "Consent Judgment and Order" submitted by plaintiff. Dkt. # 70 at 5-14.

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS - 4

plaintiff alleges that the second omission is part of an "unfair and deceptive marketing scheme to entrap borrowers in high interest loans." Dkt. #56 at ¶ 12. By pretending that FinWise would fund the RISE-branded loan, defendants not only misrepresented a fact but also obtained usurious interest rates to which they were not legally entitled by deceiving both consumers and the regulators who protect them. Plaintiff has adequately alleged a non-*per se* Consumer Protection Act claim.

With regards to plaintiff's claims against defendant RISE Credit Services of Texas, LLC, plaintiff alleges that:

- defendant RISE Credit Services of Texas, LLC, markets, solicits, and originates installment loan products in Washington under the brand name "RISE"

- RISE Credit Services of Texas, LLC, is a subsidiary of Elevate deployed to carry out its rent-a-bank scheme

- RISE Credit Services of Texas, LLC, supports and directs marketing and solicitations to Washington consumers

- RISE Credit Services of Texas, LLC, uses the same P.O. Box as the entity that solicited plaintiff

- the solicitation to which plaintiff responded was from RISE, stated that RISE services loans originated by FinWise, and failed to disclose that Elevate was the true lender

- plaintiff entered into a RISE-branded loan with an interest rate of 149%

- RISE Credit Services of Texas, LLC, acted in furtherance of Elevate's scheme to deceive consumers and regulators regarding the true lender behind the RISE-branded loans

RISE argues that these same allegations were previously found to be insufficient to state a plausible claim for relief and should again be dismissed. Plaintiff has now alleged facts to support her true-lender theory, however, and if RISE played a role in the rent-a-bank scheme as described, it can arguably be held liable for plaintiff's losses under the Consumer Protection Act.

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS - 5

Defendant also asserts that plaintiff's allegations are simply incorrect. It points to documents attached to the complaint and other sources to argue that it provides only "credit service organization" services, it does not do business outside of Texas, and it is not the only Elevate subsidiary to use the brand name "RISE" (suggesting, without actually saying, that plaintiff has sued the wrong entity in the Elevate corporate family). As discussed above, "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Khoja,* 899 F.3d at 1003. In the context of a motion to dismiss, the Court is not free to draw adverse inferences from defendant's use of the term "credit service" in its name or the fact that a number of related companies use the RISE brand name. Plaintiff has alleged a plausible claim for relief against defendant RISE Credit Service of Texas, LLC. If she is unable to produce evidence in support of those allegations, defendant may be entitled to summary judgment, but it would be inappropriate to dismiss the claims at this stage of the proceeding.

For all of the foregoing reasons, defendants' motion to dismiss (Dkt. # 62) is DENIED.

Dated this 10th day of November, 2022.

Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS - 6